UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**SABAL TRAIL TRANSMISSION, LLC,**

    Plaintiff,

v.                                                                                                          Case No: 5:16-cv-169-Oc-30PRL

**4.465 ACRES OF   LAND IN LAKE COUNTY FLORIDA, TROY D. LEWIS, UNITED STATES OF AMERICA, UNKNOWN OWNERS, IF ANY, LOIS BENAGLIO and FIRST NATIONAL BANK OF AMERICA**

    Defendants.

## ORDER

Before the Court is Plaintiff's motion for entry of clerk's default as to Defendant, Troy D. Lewis.  (Doc. 43).   The Court ordered Plaintiff to show cause why the motion for clerk's default should not be denied for failure to establish that service was effected on Troy D. Lewis.  (Doc. 45).   Plaintiff then filed a declaration, in which it represents that it served Troy D. Lewis through his authorized agent, his attorney Richard N. Milian, Esq.   (Doc. 46).   Based on this declaration and the proof of service (Doc. 12), Plaintiff renews its motion for clerk's default.   (Doc. 47).

Under Federal Rule of Civil Procedure Rule 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."   Before a clerk's default can be entered, however, the serving party must establish that the defaulting party was properly served.  *Laing v. Cordi, III*, No. 2:11cv-566-FtM- 29SPC, 2012 WL 4828312 at *1 (M.D. Fla.

Oct. 10, 2012); *Manheim Automotive Fin., Servs., Inc. v. Information Matrix Tech., Inc.*, No. 2:12-cv-360-FtM-29-SPC, 2012 WL 3947207 at *1 (M.D. Fla. Sept. 10, 2012).

Under federal law, an individual "may be served in a judicial district of the United States by . . . delivering a copy of [the summons and the complaint] to an agent authorized by appointment . . . to receive service of process." Fed. R. Civ. P. 4(e)(2)(C). Here, the declaration of Plaintiff's attorney, Edgar Lopez, Esq., represents that he received an attorney authorization from Troy D. Lewis's attorney, Richard N. Milian, Esq., and that the authorization stated that Milian could accept service on behalf of Troy D. Lewis. (Doc. 46). The proof of service shows that Milian was served as a substitute for Troy D. Lewis. (Doc. 12). Such service was proper. *See, e.g.*, *Mybusinessloan.com, LLC v. Forum Networking Events, Inc.*, No. 8:15-CV-2739-T-36JSS, 2016 WL 3919484, at *3 (M.D. Fla. June 10, 2016), *report and recommendation adopted*, No. 8:15-CV-2739-T-36JSS, 2016 WL 3906959 (M.D. Fla. July 19, 2016) (denying a motion to set aside a clerk's default and finding that service of process was proper where an individual's assistant represented that "she was authorized to accept service on [the individual's] behalf" and the assistant accepted service on that individual's behalf).

Accordingly, Plaintiff's motion (Doc. 43) is **GRANTED**. The Clerk is **DIRECTED** to enter default against Defendant Troy D. Lewis.

**DONE** and **ORDERED** in Ocala, Florida on August 10, 2016.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties